# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| **SCOTT BABER, KIM C. BOHRER,** ) | |
| **JEFFREY S. BOWERMAN, DUSTIN BOWERS,** ) | |
| **JEANINE BOWERS, DARRIN BURSEY,** ) | |
| **JENNIFER L. CARPENTER,** ) | |
| **BRADLEY S. CHARLES, DANIEL CHESHIRE,** ) | |
| **JASON CORNWELL, KEITH A. COVERT,** ) | |
| **CHRISTOPHER A. CUNNINGHAM, BRYCE DAVIS,** ) | |
| **MARK DEHAVEN, DAVID M. ELLINGER,** ) | |
| **RICHARD ELLINGER, WILLIAM S. FOSTER,** ) | |
| **JAMES C. GALBREATH, W. W. GOSNELL,** ) | |
| **ZACHERY A. HAWKINS, BRANDON** ) | |
| **HAZELWOOD, STEVEN HEATH, ALISSA J.** ) | |
| **HIPPLE, AARON E. JETER, TIMOTHY R.** ) | |
| **JUERGENS, STEVEN KAHLE, ANTHONY J.** ) | **CIVIL ACTION NO. _____** |
| **KENDRA, JASON P. KILLIAN, BARRY A. KITTOE,** ) | |
| **TONYA M. KITTOE, JARED A. LANHAM,** ) | **TRIAL BY JURY DEMANDED** |
| **ANTHONY S. MADIGAN, THOMAS A.** ) | |
| **MCINTYRE, III, STEPHEN A. MOORE,** ) | |
| **DOUGLAS A. NICHOLSON, GARY L. OWENS,** ) | |
| **JONATHAN K. PYLES, EDDIE R. ROBERTS, JR.,** ) | |
| **DAVID SAMPSON, G. DOUGLAS SARDELIS,** ) | |
| **ROBYN SHENK, HOLMES D. SMOKE, JR.,** ) | |
| **NATHAN SPENCE, CARLTON T. STREIT,** ) | |
| **JESSE W. SUIRE, RICHARD T. SWARTZ,** ) | |
| **RICHARD A. SWISHER, JR., LESLIE R. TAYLOR,** ) | |
| **BRIAN E. THOMAS, HUGH B. VAN METER,** ) | |
| **JASON L. WALTHER, MARK A. WEBBER,** ) | |
| **RICHARD L. WHITE, A.J. WILLIAMS,** ) | |
| **WILLIAM E. WRIGHT, III, TODD N. YOUNKIN,** ) | |
| **Individually, and all others similarly situated,** ) | |
| ) | |
| **Plaintiffs**, ) | |
| ) | |
| v. ) | |
| ) | |
| **COUNTY OF FREDERICK, VIRGINIA,** ) | |
| ) | |
| **JOHN R. RILEY, Jr., in his official capacity** ) | |
| **as County Administrator** ) | |
| ) | |
| **FREDERICK COUNTY SHERIFF'S OFFICE,** ) | |
| ) | |

**ROBERT T. WILLIAMSON, in his official** )
**capacity as Sheriff of Frederick County,** )
)
                 **Defendants.** )

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Scott Baber, Kim C. Bohrer, Jeffrey S. Bowerman, Dustin Bowers, Jeanine Bowers, Darrin Bursey, Jennifer L. Carpenter, Bradley S. Charles, Daniel Cheshire, Jason Cornwell, Keith A. Covert, Christopher A. Cunningham, Bryce Davis, Mark DeHaven, David M. Ellinger, Richard Ellinger, William S. Foster, James C. Galbreath, W. W. Gosnell, Zachery A. Hawkins, Brandon Hazelwood, Steven Heath, Alissa J. Hipple, Aaron E. Jeter, Timothy R. Juergens, Steven Kahle, Anthony J. Kendra, Jason P. Killian, Barry A. Kittoe, Tonya M. Kittoe, Jared A. Lanham, Anthony S. Madigan, Thomas A. McIntyre, III, Stephen A. Moore, Douglas A. Nicholson, Gary L. Owens, Jonathan K. Pyles, Eddie R. Roberts, Jr., David Sampson, G. Douglas Sardelis, Robyn Shenk, Holmes D. Smoke, Jr., Nathan Spence, Carlton T. Streit, Jesse W. Suire, Richard T. Swartz, Richard A. Swisher, Jr., Leslie R. Taylor, Brian E. Thomas, Hugh B. Van Meter, Jason L. Walther, Mark A. Webber, Richard L. White, A.J. Williams, William E. Wright, III, Todd N. Younkin, (collectively "Plaintiffs" or "Deputies"), by Counsel, pursuant to 29 U.S.C. § 216(b), file this Complaint individually and on behalf of themselves and all others similarly situated against the Defendants County of Frederick, Virginia ("Frederick County"); John R. Riley, in his official capacity as County Administrator ("County Administrator"); Frederick County Sheriff's Office ("Sheriff's Office"); and Robert T. Williamson, in his official capacity as Sheriff of Frederick County ("Sheriff") (collectively "Defendants"), and allege as follows:

## Preliminary Statement

1. Plaintiffs are current and former employees of the County Sheriff's Office. In summary, this Complaint seeks unpaid overtime for Plaintiffs and all others similarly situated, pursuant to 29 U.S.C. § 201, *et seq.* and VA Code §9.1-700, *et. seq.*, the federal and state laws which establish the overtime compensation due to law enforcement officers.

2. Count One is a collective action in which Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and Va. Code § 9.1-700, *et seq*. for themselves and others similarly situated.

3. Count Two is a collective action brought under this Court's supplemental jurisdiction seeking relief solely pursuant to Va. Code § 9.1-700, *et seq.* Plaintiffs also seek declaratory relief, injunctive relief and to recover unpaid overtime compensation under this Count.

## Jurisdiction and Venue

4. This Court has original jurisdiction over this matter pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331, as the case arises out of Federal Law. The Plaintiffs also ask this Court to take supplemental jurisdiction over any state claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b).

6. Personal jurisdiction is proper pursuant to VA Code Ann. § 8.01-328.1 and the Fourteenth Amendment of the United States Constitution.

## Parties

7. Plaintiffs are deputy sheriffs who were "employed" by Defendants within the meaning of the FLSA and meet the definition of Law Enforcement employees under Federal law

and VA Code § 9.1-700.  All Plaintiffs were employed in the ranks of Lieutenant and below during some time within the liability period.

8. Defendant Frederick County is a county organized in the Commonwealth of Virginia.  The County's official address is 107 North Kent Street, Winchester, VA 22601.

9. Defendant John R. Riley, Jr. has served as the appointed County Administrator Frederick County since 1983 with his official address at 107 North Kent Street, Winchester, VA 22601.  Upon information and belief, the County Administrator was responsible for making many of the employment decisions which are sued for herein.

10. Defendant Frederick County Sheriff's Office is charged by law with the responsibility to provide law enforcement and crime prevention services to citizens of Frederick County.  Its address is 1080 Coverstone Drive, Winchester, VA 22602.

11. Defendant Robert T. Williamson is the elected Constitutional Officer serving as Sheriff of Frederick County since 1992 with his official address at 1080 Coverstone Drive, Winchester, VA 22602.

**Representative and Collective Action Allegations**

12. Plaintiffs file this case as a collective action, seeking to serve as representative plaintiffs pursuant to 29 U.S.C. § 216(b).  Plaintiffs each consent to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), which consents, as required by the Code, shall be promptly filed with the Court.

13. Defendants have compensated Plaintiffs and those similarly situated, on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions.

14. On information and belief, all of Defendants operations are centrally managed as a single enterprise, and all or most of Defendants' employees performing functions similar to

Plaintiffs are subject to common, uniform time-keeping and payroll practices. Defendants have additionally established uniform payroll policies with respect to the payment of overtime compensation which apply to all Plaintiffs in the performance of law enforcement duties for Defendants.

15. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendants who performed the same or similar job functions as Plaintiffs and are or were subject to the same pay practices, and have been employed within three (3), or more, years of the date of filing of this action.

16. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## Statement of Facts

17. As law enforcement personnel, Plaintiffs duties are to maintain the peace, protect Frederick County citizens, and investigate crimes and complaints made known to the deputies.

18. Plaintiffs are governed by the FLSA provisions specific to law enforcement personnel, in particular, 29 U.S.C. § 207(k), which provides an exception that allows localities to treat law enforcement officers differently than standard employees. The FLSA generally requires employers to pay overtime to an employee that works over 40 hours per week (or 80 hours biweekly), but subsection (k) allows localities to alter the work-period for Law Enforcement Employees to avoid paying overtime until an officer works over 171 hours during a twenty-eight day work period. *See* 29 C.F.R § 553.230(c).

19. Since at least 2005, Plaintiffs have been designated by Defendants as twenty-eight day work-period employees pursuant to 29 U.S.C. § 207(k). Though subsection (k) of § 207

allows the Defendants to schedule Deputies up to 171 hours before having to pay overtime, the Deputies have been and only are regularly scheduled to work 160 hours per work-period.

20. Despite being scheduled to work 160 hours per work period, Deputies are routinely forced to work more than 160 hours. The excess hours occur because the Deputies are frequently required to make court appearances, earn firearm certification, or attend mandatory training related to their specific expertise.

21. In 2005, Virginia amended its overtime laws to require sheriff departments employing 100 or more law enforcement employees to pay overtime compensation to deputies for the difference between the regularly scheduled hours a deputy worked (here, 160 hours in a twenty-eight day period) and the federal maximum allowed by 29 U.S.C. § 201(k) (here, 171 hours in a twenty-eight day period). *See*, Va. Code § 9.1-700 *et seq*.

22. Since the law was changed in 2005, Plaintiffs should have been receiving overtime compensation for all hours worked over 160 and below 171, referred to as "gap-pay".

23. Upon information and belief, the Defendants became aware of the change in Virginia law before or shortly after its passage. Despite knowledge of its passage, Defendants have refused to pay overtime to Plaintiffs for the gap-pay wages due.

24. Upon information and belief, in October of 2006 the County's Human Resource Director notified the Commonwealth Attorney, who was at that time acting as legal counsel for the County, that it had over 100 law enforcement employees and conceded that the County was bound by the new Virginia law. Despite recognizing that the law applied to the County at that time, the Defendants still refused to comply with the gap-pay requirements until January 1, 2012.

25. In addition to failing to pay overtime for the gap-pay, the Defendants have also violated the requirements of FLSA and the State law by altering employees' time records, misappropriating hours, and failing to pay compensatory time as overtime.

26. Defendants, pursuant to 29 U.S.C. § 207(o), have adopted a "compensatory time" policy that allows Deputies to accrue overtime hours in one work-period and take those hours off in future periods.

27. Contrary to law, however, Defendants do not give the Deputies credit for the "comped hours" at the required time and a half rate.

28. Finally, since at least 2005, Defendants have applied a system called "Adjusted Work Scheduling" ("AWS") to re-allocate Law Enforcement Employees' hours for the express purpose of reducing the amount of overtime it pays to Deputies.

29. The system works by reducing the Deputies' regularly scheduled hours on a future date by any overtime hours worked on a previous day. To cover up these frequent schedule changes, Defendants have wrongfully "doctored" Plaintiffs time sheets, erasing the actual hours worked and reported by the Deputies, and recording instead the hours that the Deputies were originally scheduled to work.

30. The above violations of law have been raised with Defendants on numerous occasions, but to date the Defendants have failed to remedy the above stated problems. Having no other recourse, the Deputies have filed this suit to redress the Defendants' wrongful behavior.

## Count I – Violation of FLSA

31. Paragraphs 1-30 are herein incorporated by reference.

32. At all times relevant to the matters alleged herein, Defendants have engaged in a pattern, practice or policy of not compensating Plaintiffs in accordance with state and federal mandates for certain overtime work performed for Defendants' benefit.

33. 29 U.S.C. § 207(o) requires public agencies that utilize a compensatory time scheme to pay the "compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required".

34. Contrary to law, Defendants' policy and practice for all law enforcement personnel has been to repay compensatory time at a straight time rate.

35. Over the past three years, Defendants have failed to give Plaintiffs, who received compensatory time in exchange for overtime hours worked, credit for those hours at time and a half for any hours worked over either the 160-hour Virginia overtime threshold or the 171-hour Federal overtime threshold.

36. Upon information and belief, Defendants had knowledge that Plaintiffs and all others similarly situated accrued compensatory time and were not credited the time back at time and a half.

37. Moreover, Defendants have an obligation under the FLSA to maintain accurate records of time worked by employees.  Defendants have failed to maintain accurate time records, even wrongfully altering the records to cover-up their use of the inappropriate AWS system (discussed below).

38. The failure to maintain accurate time records for Plaintiffs and other similarly situated employees as required by the FLSA constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of law.

39. Finally, pursuant to the FLSA Savings Clause (29 U.S.C. § 218(a)), Virginia has adopted more restrictive wage laws that complement and work in tandem with the Federal law.

40. VA Code § 9.1-701 states that "Employers shall pay…law-enforcement employees overtime compensation or leave…at a rate of not less than one and one-half times the employee's regular rate of pay for all hours of work between the statutory maximum permitted under 29 U.S.C. § 207(k) and the hours for which an employee receives his salary, or if paid on an hourly basis, the hours for which the employee receives hourly compensation."

41. Interacting with and relating to the requirements of 29 U.S.C. § 207(k), Virginia law requires the payment of overtime wages for all hours between those the law enforcement personnel is "regularly scheduled to work" and the "statutory maximum" permitted under the FLSA.

42. Here, Plaintiffs were regularly scheduled to work 160 hours in a twenty-eight day period. Plaintiffs did, however, routinely work in excess of 160 hours. Plaintiffs were not paid overtime wages for any hours above 160 and below 171.

43. Defendants were aware of the requirements of VA Code § 9.1-700, *et. seq.*, and its interplay with the FLSA. Despite knowledge of the necessity to pay overtime wages for all hours Plaintiffs worked over 160, Defendants has refused to pay the overtime wages earned by Plaintiffs.

44. Defendants' refusal to comply with the FLSA was willful and in bad faith; therefore, in addition to the overtime back-pay, the Plaintiffs should be awarded liquidated damages in an amount equal to the overtime pay owed, their attorney fees and costs in bringing this action, and be allowed to seek damages for three years prior to the date of filing suit. 29 USCS §§ 216, 255.

**WHEREFORE**, Plaintiffs, respectfully request that this Court:

a) Approve notice, as soon as possible, to those deputies and former deputies similarly situated to Plaintiffs, namely all Frederick County deputies who were employed by Defendants during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this FLSA representative (collective) action, the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b).  Generally, this notice should inform such employees and former employees that this action has been filed, describe the nature of the action and explain their right to opt-in to this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

b) Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

c) Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and/or VA Code § 9.1-700, *et. seq.*;

d) Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, against Defendants;

e) Enter judgment that Defendants' violations of the FLSA or State law were willful;

f) Provide the Plaintiffs an equal amount in liquidated damages;

g) The said damages to be paid with pre and post judgment interest at the appropriate judgment rate, from the date the wages were earned until paid;

h) Attorney fees and costs in an amount to be determined by the Court; and

i) Grant such further relief as deemed just and appropriate by this Court.

### Count II – Violation of VA Code

45. Paragraphs 1-44 are herein incorporated by reference.

46. As stated above in Count I, Defendants have violated VA Code § 9.1-700, *et. seq.*, by failing to pay the Plaintiffs the "gap-pay" time as overtime wages. Plaintiffs believe the gap-pay claim should be determined under the FLSA, as VA Code § 9.1-700, *et. seq.*, is inextricably linked to the federal law. If however this Court determines the State law is to be interpreted separately from the FLSA, then it would ask the court to exercise its supplemental jurisdiction to decide the state law matters.

47. For the reasons stated above in Count I, Plaintiffs are now due the "overtime half" of the gap-pay wages that were paid as straight pay.

48. Additionally, Defendants have, through the use of the AWS system, wrongfully re-allocated Deputies hours to avoid paying them overtime.

49. The Defendants' action, eliminating regularly scheduled work hours to avoid paying overtime for extra hours worked, is also a violation of the VA Code.

50. VA Code § 9.1-700 defines Regularly Scheduled Work Hours as "those hours that are **recurring and fixed** within the work period and for which an employee receives a salary or hourly compensation. 'Regularly scheduled work hours' does not include on-call, extra duty assignments or any other nonrecurring and nonfixed hours." (emphasis added).

51. VA Code § 9.1-701(a) requires the payment of overtime for all hours over "the hours for which the employee receives hourly compensation."

52. It is clear from the above statutes that the legislature's intent was to provide overtime pay for Law Enforcement Employees who are required to work hours other than their

regularly scheduled work hours, even if those hours are under the FLSA workweek requirements (here, 160 hours).

53. To circumvent the legislature, the Defendants have created an innovative method to avoid paying Deputies for non-regularly scheduled hours defined under VA Code § 9.1-700 ("non-regular hours"). When a Deputy is forced to work non-regular hours early in a work-period, instead of paying that Deputy time and a half for those hours, the Defendants have just deducted hours from the Deputy's regularly scheduled work hours intended to occur later in the work period.

54. This process ensures Deputies are never paid overtime, even when working extensive extra hours often late in to the night or early in the morning, and gives Deputies no certainty as to what their "regularly scheduled work hours" really are.

55. Because of the Defendants' exploitation of this process, Plaintiff Deputies have not been paid overtime for non-regular hours worked.

56. Defendants violations of Virginia Code § 9.1-700, *et. seq.*, contained in Count II, were committed willfully and in bad faith; consequently, in addition to the overtime back-pay owed, the Plaintiffs should be awarded liquidated damages in an amount equal to the overtime pay owed, their attorney fees and costs in bringing this action, and be allowed to seek damages for three years prior to the date of filing suit. VA Code §§ 9.1-704, 705.

**WHEREFORE**, Plaintiffs, respectfully request that this Court:

a) Approve notice, as requested in subsection (a) of the prayer for relief in Count I;

b) Award appropriate declaratory relief regarding Defendants' unlawful acts and practices, in violation of Va. Code §§ 9.1-701 through 9.1-703 and injunctive relief to prevent such practices from continuing in the future;

c) Provide the Plaintiffs an equal amount in liquidated damages;

d) The said damages to be paid with pre and post judgment interest at the appropriate judgment rate, from the date the wages were earned until paid;

e) Attorney fees and costs in an amount to be determined by the Court; and

f) Grant such further relief as deemed just and appropriate by this Court.

Respectfully submitted,

/s/ Timothy P. Bosson
Timothy P. Bosson, Esq. (VSB No. 72746)
H. Robert Showers, Esq. (VSB No. 34799)
Caleb A. Kershner (VA State Bar # 72175)
Daniel Hebda (VA State Bar # 82209)
Simms Showers, LLP
305 Harrison Street SE, Third Floor
Leesburg, VA 20175
(703) 771-4671-phone
(703) 771-4681-facsimile