IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SCOTT BABER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 5:12cv00037 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF FREDERICK, | ) | By: Hon. Robert S. Ballou |
| VIRGINIA, et al., | ) | United States Magistrate Judge |
| | ) | |
| Defendants. | ) | |

Amended **REPORT AND RECOMMENDATION**

This case has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct all necessary proceedings to regarding the approval of the parties' settlement and to provide an appropriate report and recommendation. Having reviewed the record and conducted a hearing on the issues, I hereby **REPORT** as follows:

1. Plaintiffs filed this collective action asserting that while employed as Sheriff's Deputies in Frederick County, they worked overtime hours for which they were not fully compensated under applicable state and federal employment law. Plaintiffs have filed claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Virginia Gap Pay Act, Va. Code § 9.1-700 *et seq.*, against the County of Frederick Virginia ("Frederick County") and the Frederick County Sheriff's Office ("Sheriff"). (Dkt. No. 1).

2. The parties conducted discovery and entered into mediation. As a result of the mediation proceedings, the parties reached mutually agreeable terms to resolve all matters in

1

dispute which were thereafter memorialized in a Settlement Agreement filed in this court. (Dkt. No. 68).

3. Each individual plaintiff reviewed and approved the terms of the proposed settlement and has signed the Settlement Agreement indicating their acceptance of the terms of the proposed settlement. (Dkt. No. 68).

4. The Frederick County Broad of Supervisors considered the proposed Settlement Agreement in executive session and formally adopted and agreed to its terms in open session.

5. The Sheriff of Frederick County has executed the Settlement Agreement indicating his acceptance of the terms of the proposed settlement.

6. The terms of the Settlement Agreement include a total payment of $205,460.78 from Defendants to Plaintiffs, divided as follows:

   a. Frederick County shall pay $105,460.78 to the individual plaintiffs in accordance with Schedule A of the Settlement Agreement, and each plaintiff shall receive a form W-2 for the amounts paid under this schedule.

   b. Frederick County shall pay an additional $10,000.

   c. The Sheriff of Frederick County, or its risk manager shall pay, $90,000 in separate payments of $70,000 at the time of approval of the proposed settlement and $20,000 after July 1, 2013.

   d. This $100,000 payment shall be divided as follows:

      i. $60,000 shall be paid to Plaintiffs' counsel in full compensation for all attorney's fees earned and costs incurred.

      ii. $40,000 shall be paid to the individual plaintiffs, divided on an equal basis.

7. A hearing was held on June 20, 2013 in open court. All parties were represented by counsel, who appeared via telephone as agreed by all counsel. (Dkt. No. 67).

8. All of the parties, by counsel, represented that they are aware of the claims asserted, the possible defenses to those claims, and the risks of litigation. Each of the parties, by counsel, indicated that they understood the terms of the proposed settlement, agree to those terms, and request that the Court accept the settlement and recommend its approval.

9. Having considered the argument and representations of counsel and terms of the proposed settlement, and having reviewed the pleadings filed and examined the proposed Settlement Agreement, I find that the terms of Settlement Agreement are fair and reasonable.

10. Accordingly, I hereby **RECOMMEND** as follows:

   a. The Court approve the Joint Motion for Settlement, (Dkt. No. 66), which provides for payments as set forth in the Settlement Agreement

   b. The Court approve the payment of attorney's fees and costs to counsel for plaintiffs in the total amount of $60,000.

   c. The Court approve the payment of the remaining $40,000 from the settlement proceeds to the individual plaintiffs to be divided equally.

   d. The Court enter an order dismissing this action with prejudice.

11. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as

well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

          Entered: June 21, 2013

          /s/ Robert S. Ballou

          Robert S. Ballou
          United States Magistrate Judge