IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SCOTT BABER, et al., | ) | |
| | ) | |
|    Plaintiffs, | ) | Civil Action No.: 5:12cv037 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF FREDERICK, | ) | By: Hon. Michael F. Urbanski |
| VIRGINIA, et al., | ) | United States District Judge |
| | ) | |
|    Defendants. | | |

### ORDER

      This matter is before the court on the Joint Motion to Approve the Settlement Agreement. (Dkt. No. 66.) On May 17, 2013, the Joint Motion to Approve the Settlement was referred to the United States Magistrate Judge, Robert S. Ballou, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. On June 20, 2013, a hearing was held before Magistrate Judge Ballou, and the report was issued on June 21, 2013. (Dkt. No. 71.) No objections to the report have been filed.

      The report indicates that the parties have agreed to settle this matter, which included a claim under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Prior to approving the settlement of an FLSA claim, the court must "determine[ ] that a settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350, 1355 (11th Cir. 1982). "In assessing whether a proposed settlement is reasonable, adequate, and fair, the court should consider the following factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; and finally, the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." Poulin v. Gen. Dynamics Shared Resources, Inc., No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (internal citations omitted). Upon review of the report and recommendation, the court concludes that this settlement reflects a reasonable compromise of a bona fide dispute over the applicability of certain FLSA provisions. To be sure, the parties conducted discovery and settled this matter being aware of the possible defenses and risks of litigation. Indeed, both the plaintiffs and the Frederick County Board of Supervisors reviewed and approved of the terms of the proposed settlement, and do not object to the settlement agreement.

The proposed settlement agreement in this case also prescribes an award of attorney fees and costs collectively in the amount of $60,000. "[T]he FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Poulin, 2010 WL 1813497, at *1. In the Fourth Circuit, courts typically use the traditional lodestar method in determining whether the award of attorney fees was reasonable. Id.; see Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (setting out twelve factors used to ascertain a reasonable attorney fee). Here, counsel represents that they spent a total of 277.13 hours on the case, resulting in $81,926.33 in fees and $1,572.18 in costs for a total of $83,498.51.[1] Counsel represented all sixty-four (64) plaintiffs in this matter, arguing before this court the novel and complex issues raised in both the motion to dismiss and motion

---

[1] The fees were charged at the following hourly rates: the paralegals were billed at $115.00 an hour; a second year associate attorney at $190.00; a partner with over eight years of experience and a senior associate with over seven years of experience at $325.00 an hour; and the senior partner and has over thirty years of litigation experience at $400.00 per hour. Given the experience of counsel in representing clients in FLSA matters, the court finds these hourly rates reasonable.

for summary judgment. As a result of the settlement of the various claims, the parties agreed to cap the award at $60,000.00, representing an hourly rate discounted by over 25%. See Jackson v. Estelle's Place, LLC, 391 F. App'x. 239 (4th Cir. 2010) (holding that use of proportionality approach, at least in some degree, is acceptable for determining reasonableness of attorney fees in FLSA claim). As such, the court finds that the award of attorney fees and costs, representing one-third of the total settlement amount of $205,460.78, is reasonable.

Accordingly, the court **ADOPTS** the Magistrate Judge's report and recommendation in its entirety, and **GRANTS** the Joint Motion to Approve the Settlement Agreement (Dkt. No. 66). This case shall be **DISMISSED with prejudice** and **STRICKEN** from the active docket of this court.

    **IT IS SO ORDERED.**

The Clerk is directed to send a copy of this Order to all counsel of record.

    Entered: July 19, 2013

    */s/ Michael F. Urbanski*

    Michael F. Urbanski
    United States District Judge